[New York Special Term, May 5, 1857. *Peabody*, Justice.]

———•◦•———

CHASE *vs.* THE NEW YORK CENTRAL RAIL ROAD COMPANY.

In an action brought to recover damages for injuries done to the plaintiff's house, grounds, fruit trees, &c., by water alleged to have been turned on to the plaintiff's land by the defendants, in constructing a rail road, it is proper to charge the jury that the rule of damages in that class of cases, is the difference between the value of the plaintiff's premises before the injury happened, and the value immediately after the injury, taking into the account only the damages which have resulted from the defendant's acts.

But it is erroneous to charge, in such an action, that the plaintiff, after the water was in her cellar, was bound to use *ordinary care and diligence* to prevent her house being injured thereby, and *only* ordinary care and diligence; and that if the damages to the house, complained of, or any part thereof, resulted from a neglect to use such care and diligence, the defendants are not liable for the damages thus resulting.

The owner of the house, under such circumstances, is bound to use reasonable

care, skill and diligence, adapted to the occasion, to save her house from being injured by the water, notwithstanding it came upon her premises by the fault or negligence of the defendants; or suffer the loss herself.

MOTION for a new trial, on exceptions taken at the circuit.

*By the Court,* MULLETT, J. Although the attorneys for the respective parties call themselves attorneys for the appellant and attorneys for the respondent, this is not an appeal. There is nothing in the papers showing that there was any judgment or order to appeal from, or any appeal pretended to be made. It is simply a motion for a new trial, on exceptions taken at the circuit. The judge who tried the cause, it is true, made an order that the defendants have time to make a case, or a bill of exceptions, and that the same be heard, in the first instance, at the general term; but the papers brought here, on which we are called upon to hear this motion, are the pleadings, the evidence, and the several exceptions taken by the respective parties, on the trial, to which is added the order of the judge above stated. There is nothing in the papers indicating that this was intended as a case on which to move for a new trial on the merits; and as the 265th section of the code, as amended in 1852, authorizes the judge trying the cause, at the trial, to direct only exceptions to be heard in the first instance, at a general term, this case must be heard and decided on the exceptions only.

This action was brought to recover damages for injuries done to the plaintiff's grounds, garden, fruit trees, &c., by water which it was alleged, was turned onto the plaintiff's land by the construction of the defendants' rail road, and it was also claimed by the plaintiff, that the water got into the cellar of her brick house and greatly injured the walls. In the course of the trial the defendants' counsel took several exceptions to the decisions of the judge in admitting the evidence offered by the plaintiff to show the amount of the injury done to her grounds, garden, fruit trees, &c. I have examined these exceptions, and am unable to discover any error in the rulings of the judge on

these subjects. The court, among other things, charged the jury that the rule of damages in this class of cases was the difference between the value of the plaintiff's premises before the injury happened, and the value immediately after the injury, taking into the account only the damages which had resulted from the defendants' acts. To this part of the charge the defendants' counsel excepted. This part of the charge, as a general proposition, is unexceptionable. It called upon the jury to decide, in the most practicable way they could, the real injury done to the plaintiff's property by the conduct of the defendants complained of, which was the question before them, but it applied to all the property alleged to have been injured, and all the injury done. The defendants' counsel, probably in order to obtain from the judge more specific and particular directions, in regard to the injury claimed to have been done to the house, " requested the court to charge, that it was the duty of the plaintiff, if the water in the cellar was caused by the flooding of the garden, to construct a drain from the cellar; and that if the injury to the house was occasioned by suffering the water to remain in the cellar beyond a reasonable time for the construction of such drain, the plaintiff would not be entitled to recover for such injury." The court declined to charge as requested. The judge was right in declining to state any particular means which it was the duty of the plaintiff to have used, to get the water out of her cellar, whether a drain, pumps or buckets. She was bound to use reasonable care, skill and diligence, adapted to the occasion, to save her house from being injured by the water, notwithstanding it came onto her premises by the fault or negligence of the defendants, or suffer the loss herself. On this subject the judge did charge the jury that the plaintiff, after the water was in her cellar, was bound to use ordinary care and diligence to prevent the house being injured thereby, and *only ordinary care and diligence.* That if the damages to the house, complained of, *or any part thereof, resulted* from a neglect to use such care and diligence, for the damages *thus resulting*, the defendants were not liable.

The defendants' counsel excepted, both to the refusal and to the charge, as above stated.

With great and sincere deference to the ruling of the learned justice who presided at the trial of this action, this part of his charge appears to me to be deficient in the perspicuity and definiteness so desirable in a statement of a rule of law given to a jury, as a guide on an important and somewhat intricate question of fact. The terms used by the judge, both to define and limit the duty of the plaintiff, in the use of means to prevent her own house being injured by the water, after it got into her cellar, were ordinary *care* or *diligence*. He said she was bound to use ordinary *care* and *diligence* for that purpose, and only *ordinary care* and *diligence*. The phrase "ordinary care or diligence," is used in a technical sense in the law of bailments, to express the degree or measure of responsibility assumed by a bailee who participates with the bailor in the benefits of the bailment. It is defined by Judge Story to be "that degree of diligence which men in general exert in respect to their own concerns;" or, he says, "it may be said to be the common prudence which men of business and heads of families usually exhibit in affairs which are interesting to them." (*Story on Bailments*, § 11.)

The term ordinary care or diligence, when appropriately used in its technical sense, is somewhat indefinite and uncertain, owing to the nature of the subject to which it is applied; but the danger of misunderstanding or misapplying it, will be increased by using it without its definition in connection with a subject to which it has no relation. It is not improbable that a jury, who are not presumed to know the technical meaning of the term ordinary care or diligence, might understand a judge who instructed them that a party, in a given case, was "bound to use that degree of diligence which men in general exert in respect to their own concerns," or to exercise that "common prudence which men of business and heads of families usually exhibit in affairs which are interesting to them," as giving a different instruction from the one who should tell them simply that the party was "bound to use ordinary care and

Chase *v.* New York Central Rail Road Company.

diligence, and only ordinary care and diligence ;" and yet it is probable that the learned judge, in this case, meant the same thing. But the question is what did, or might, the jury understand from the charge, in the case to which they were to apply it? It appears to me that the principal error in the charge under consideration, if any, was in applying the rule of " ordinary care and diligence" to the case before the court, and making it both the measure and limit of the plaintiff's right of recovery. I cannot perceive that the rule, as a legal principle, had any thing to do with the case. There was no contract, express or implied, on which to base it. The case assumed that the plaintiff's house, without her consent, had been injured by the carelessness or negligence of the defendants, and she was entitled, by law, to be remunerated for that injury, by the persons who caused it, unless she contributed to bring it upon herself. It was unquestionably the plaintiff's moral duty, while the acts which occasioned the injury were in progress, to make a reasonable use, adapted to the occasion, in good faith, of all the skill and means in her power to prevent or diminish the injury ; but I do not know that she was under a perfect moral or a legal obligation to do so, or that she could properly be said to be *bound* to *use ordinary care and diligence* in the performance of that duty, and that no more was required of her. After the causes which occasioned the injury were over, and the injury was done, her right of action for these injuries was perfect, and her damages were reduced, or might have been reduced, to a certainty. She still owned, occupied and possessed the house, and might amend or repair it when and how she pleased. She owed no duty to the defendants on that subject, to be governed by ordinary care or diligence ; and that rule was not properly referred to on that occasion. I think that a new trial must be granted, for the reasons above suggested, with costs to abide the event.

[Erie General Term, January 12, 1857. *Marvin, Bowen* and *Mullett*, Justices.]