Fort Worth & New Orleans Railway Company v.
Mary A. Wallace.

No. 2643.

1.  **Pleading.**—In an action to recover damages for grass burned through the negligence of appellant, an averment of its value at the time of destruction is sufficient, without alleging the particular use the plaintiff intended to make of the grass.  The measure of damages is its value for any purpose as it existed at the time of destruction.

2.  **Pleading—Measure of Damages.**—In such an action an averment that the fire parched the turf, roots, and sod of the grass; that the land was a good turf, well and thickly set; that the fire greatly injured the same, on account of which it would be three or four years before the turf would become as productive as before the fire, by reason of which the plaintiff was damaged in a sum specified, was in effect an averment of injury to the land.  A charge making the measure of damages the difference in value of the land immediately before and immediately after the fire was proper.  Such an injury is in its nature permanent, though it may not be perpetual, though it differs from an injury to a growing crop which results in no injury to the land as distinguished from the crop.

3.  **Same.**—In such a case it is the right of the owner to have his damages meas-

ured by the extent of the injury to the and used for any lawful purpose to which he appropriated it, to which it is adapted, or to which he desires to appropriate it.

4. **Negligence—Charge of Court.**—When in a suit for damages caused by fire ignited by sparks from a passing railway engine there is no evidence tending to show that the railway company used any appliances usual and necessary to prevent the escape of fire from the engine, it is proper to charge the jury to find for plaintiff if they find that the evidence shows that the railway engine emitted sparks that set fire to the grass that may have accumulated on defendant's right of way adjacent to plaintiff's property, and thereby set fire to and burned the grass of plaintiff; and this without any qualification as to the question of due care on the part of defendant.

5. **Excessive Verdict.**—Though a verdict for damages may seem large, if sustained by ample evidence it will not be disturbed on appeal for that cause.

6. **Fact Case.**—See facts regarding occupancy and title to land, damages for injury to which is claimed, under which it was proper not to submit to the jury an issue as to title.

APPEAL from Tarrant.   Tried below before Hon. R. J. Boyken.

This is an appeal from a judgment for $475.30 in a suit for damages for negligently burning grass, etc., upon 128 or 130 acres of land.   The verdict apportioned the damages, $345 for burning grass, $66.30 for burning fence, and $64 for injury to turf.   Other facts are given in opinion.

*Templeton & Carter*, for appellant.— 1.   The charge of the court should have submitted the law appropriate to the averments contained in the plaintiff's petition.   Hall v. Jackson, 3 Texas, 305; Loving v. Dixon, 56 Texas, 75; Cook v. Dennis, 61 Texas, 246; Thomp. on Trials, sec. 2309.

Erroneous rule of damages.   S. & E. T. Ry. v. Joachimi, 58 Texas, 456.   The judgment was excessive.

2.   There being no allegation in the petition to admit proof of injury to the land, and no proof, were there such an allegation in the petition, that it was depreciated in value, the charge should not have been given. Ft. Worth & D. C. Ry. v. Hogsett, 67 Texas, 685; G. H. & S. A. Ry. v. Horne, 69 Texas, 643.

*Harris & Harris*, for appellee.— 1.   The charge of the court objected to in said assignment conforms to the plaintiff's pleadings and the evidence and submits a just rule of damages.   Ft. Worth & D. C. Ry. v. Hogsett, 67 Texas, 685.

2.   The court did not err in submitting the charge objected to in appellant's second assignment, the allegations in plaintiff's petition and the evidence adduced on the trial warranting and demanding said charge.

The allegation was, "that said land so burned over had a good turf, well and thickly set in the ground, and said fire burned, scorched, and parched the turf, and roots, and sod of her said grass on said land, so as to greatly injure the same; that on account of the injury to said turf it

will be a long time, to-wit, three or four years, before said turf will become as good and productive as it was before said burn.   That by reason of burning the turf the plaintiff had been damaged $375.   Ft. Worth & D. C. Ry. v. Hogsett, 67 Texas, 685.

3.   The verdict was warranted by the evidence and was not excessive, and the court did not err in overruling appellant's motion for a new trial. Howard Oil Co. v. Farmer, 56 Texas, 301; Ragland v. Wisrock, 61 Texas, 391; H. & T. C. Ry. v. Larkin, 64 Texas, 454.

STAYTON, CHIEF JUSTICE.—Plaintiff brought this action to recover damages which she alleged she had become entitled to by reason of the fact that fire had been communicated to her land through negligence in the management of appellant's cars and right of way which ran through her land.   She claimed that the fire destroyed grass of the value of $650, fence of the value of $200, and that the injury to the land by burning of the turf and grass roots amounted to $375.

The averments in reference to the grass, in so far as now necessary to state, were "that said 130 acres so burned off was at the time covered with a fine coat of grass of luxuriant growth, which she had reserved for the wintering of her stock, and which she had begun to use for that purpose only a short time prior to the said burning; that said grass was very valuable, to-wit, of the value of $5 per acre, and that by reason of the loss and destruction of the same by said fire she was deprived of her only winter feed for her stock; that she sustained damage by reason of the loss of said grass in the sum of $650."

The court instructed the jury that in estimating the damages to which plaintiff might be entitled they would look to the market value of the grass destroyed at the time and place where it was, and that they might consider the market value for pasturage or hay purposes, there being much evidence as to the value for either purpose.

It is urged that it was error so to charge, and the ground of the objection we understand to have been that there was no averment as to the particular manner in which plaintiff desired to use the grass.   Such an averment was not necessary.   The grass belonged to the plaintiff, and if entitled to recover at all she was entitled to the market value of the grass as it stood, to be ascertained by its value for any legitimate use.

Many witnesses had testified to its value if to be used for pasturage, as had many if it was to be used to make hay, but they all had reference to the value of the grass as it stood at the time it was destroyed.

It is urged that the court erred in the following paragraph of the charge:   "If you should think that the defendant is liable to the plaintiff for the burning of her grass under the foregoing instructions, and should also believe that the turf or sod of said grass was injured by the burning of said grass, you should find for the plaintiff also the amount

of damages or injury done by the injury of said sod or turf, and in estimating this damage you should be governed by the difference of the value in the plaintiff's land immediately before and immediately after the injury, if any, done to such turf or sod."

The proposition under the assignment which raises this objection is that, "there being no allegation in the petition to admit proof of injury to the land, and no proof, were there such an allegation in the petition, that it was depreciated in value, the charge should not have been given."

The substance of the allegation was that there was a good turf, well and thickly set; that the fire parched the turf, roots, and sod of the grass on the land, so as to greatly injure and damage the same. That on account of the injury to the turf it will be three or four years before the turf will become as productive as it was before the fire. That by reason of burning the turf the plaintiff had been damaged $375."

We understand the averment of the petition, in effect, to be that the mass of roots to the native grass growing on the land without sowing or cultivation, which with the surface earth with which commingled constitutes the turf, sward, or sod, were so injured by the fire as to make the land less productive of grass than it otherwise would have been in the future.

The averment was one, in effect, that the land was injured, and the charge as correctly informed the jury what the true measure of damages was as would a charge directing the jury to assess the damages at such sum as would compensate the plaintiff for such injury as resulted from the burning of the turf or sod.

The turf or sod was a part of the land, and an injury to it was an injury to the land which could be as well measured by the difference in the value of the land before the burn and afterwards, as by an inquiry as to the sum which would compensate the plaintiff for any injury to the turf or sod.

The measure is the same, whether expressed in the one way or the other. Such an injury is one in its nature permanent, though it may not be perpetual, and differs from an injury to a growing crop which does not result in any injury to the land as distinguished from the crop.

It seems to be urged, as the destruction or injury of the turf would have rendered it less difficult to have placed the land in cultivation than it otherwise would have been, that for that reason the owner was not injured at all.

It is not the right of one through whose wrongful act an injury has been done to the land of another to have the measure of damages fixed by the effect the injurious act may have on the land if used for some purpose other than that to which it was applied or desired to be applied by its owner; but it is the right of the owner to have his damages measured by the extent of the injury to the land used for any lawful purpose to

which he had appropriated it, desired to appropriate it, or to which it is adapted. Railway v. Hogsett, 67 Texas, 687. It does not rest with the wrongdoer to say to the owner, use your land for a purpose for which you do not desire to use it, and it will be as valuable to you for that use as it was before for another.

It is urged that the court erred in instructing the jury as follows:

"If you believe from the evidence that the engine of the defendant emitted sparks that set fire to the grass, if any, that may have accumulated on defendant's right of way adjacent to plaintiff's property, and thereby set fire to and burned any grass or fence of plaintiff on her said property, you will find for the plaintiff."

The defendant was not liable unless the fire had its origin in its negligence; and had there been any evidence tending to show such care on its part as the nature of its business makes necessary, it would be necessary to reverse the judgment because of this charge, which in terms made the defendant liable whether it used due care or not. There, however, was no evidence whatever tending to show that appellant used appliances such as are usual and necessary to prevent, as far as may be, the escape of fire from the engine, nor tending to show that its right of way was kept free from inflammatory material. On the other hand there was evidence, which the jury must have believed, reasonably sufficient to show that the burning was caused by fire that escaped from the engine, and that inflammatory matter was permitted to accumulate on the right of way.

Under this state of facts appellee was entitled to a judgment, and had the jury under a proper charge found that the fire originated in the manner stated in the charge, but that appellant was not liable because not negligent, it would have been the duty of the court to set the verdict aside. Railway v. Horne, 69 Texas, 648; Railway v. Witte, 68 Texas, 295.

While the charge did not correctly state the law, the jury found that the fire originated in such manner as to fix liability on appellant, and in the absence of some evidence tending to rebut the prima facie case made by the evidence and affirmed by the verdict, no injury resulted from the failure of the court correctly to instruct the jury.

The verdict seems to us large, but there was ample evidence to sustain it, and having been approved by the court below, it can not be set aside by this court on the ground that it is excessive.

It is now contended that the evidence of title in appellee was insufficient. The evidence shows that the husband of appellee bought the land and received a deed therefor in 1877; that part of the purchase money was paid before the husband's death and the balance by appellee since; that by the will of the husband, duly probated, whatever title he had passed to her, and that she and her husband had been in the exclusive possession and control of the land for about eleven years. Such evidence,

in the absence of some rebutting evidence, was sufficient to maintain this action, and it is not important, in view of the uncontroverted facts, that the court did not submit an issue as to title. If appellant desired such an issue to be submitted it should have asked a charge presenting it.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered October 22, 1889.