### Missouri, Kansas & Texas Railway Company v. E. Y. Goode.

#### No. 334.

**1. Negligence—Injury to Grass and Sod—Measure of Damages.**—In a suit for damages for grass and fence burned, and also for the injury done to the turf or sod, the measure of damages is not the difference in value of the land immediately before and immediately after the burning, but is the value of the grass and fence destroyed, and in addition thereto, the injury done to the land by destroying the turf or sod, which is the difference between the value of the land immediately before and that immediately after the fire, exclusive of the value of the grass.

**2. Negligence—Presumption—Burden of Proof—Special Charge.**—In such case, the proof being sufficient to show that the fire originated from sparks emitted from appellant's locomotive, the negligence will be presumed, and the burden of rebutting that presumption is upon the appellant by showing, "that at the time in question the engine was properly constructed with the best approved appliances for

preventing the escape of fire, and that the appliances were all in good condition and repair as regards the escape of fire, or that all reasonable care and caution had been taken to keep them in such condition, and that the engine was carefully and skillfully handled as regards the escape of fire therefrom.'' The failure of appellant to make this proof, and to rebut the presumption of negligence, renders immaterial the refusal of the court to give a special charge to the effect, that even though the appellant was negligent in suffering dead grass and combustible material to accumulate upon its right of way, yet that appellant was not liable unless the fire had originated on and was communicated to appellee's land from appellant's right of way.

APPEAL from Grayson.   Tried below before Hon. P. B. MUSE.

*R. C. Foster* and *A. E. Wilkinson*, for appellant.—The court erred in permitting plaintiff to introduce evidence of the difference in the value of the plaintiff's pasture before and after the burning of his grass, and thereafter to also introduce proof, over the objection of defendant, as shown by its bill of exceptions thereto, as to the value of the grass burned, and then permitting plaintiff's counsel in his closing speech to claim and argue to the jury that the estimate of the witnesses as to the value of the grass should be added to their estimate of the difference in the value of the land before and after the burning, in order to arrive at a proper compensation; and in refusing the second instruction requested by defendant, which would have limited plaintiff's recovery to the difference in the value of the land before and after the burning.   Railway v. Wallace, 74 Texas, 581; Railway v. Hogsett, 67 Texas, 685; Railway v. Horne, 69 Texas, 649; Owens v. Railway, 67 Texas, 679; Railway v. Matthews, 60 Texas, 216.

The court erred in refusing the first instruction requested by defendant, copied in the opinion.   Railway v. Shuford, 72 Texas, 170; Railway v. Nixon, 52 Texas, 27; Railway v. Kuehn, 70 Texas, 586; Railway v. Le Gierse, 57 Texas, 202.

*Randell & Wolfe*, for appellee.—The measure of damages in this case would be the reasonable and fair market value of the grass at the time and place it was burned, together with the amount of the injury done to the turf or sod, with interest thereon from the date of the injury at the legal rate.   Railway v. Wallace, 74 Texas, 581.

The law of the case was fairly presented in the charge of the court, and it was not error to refuse the first instruction requested by appellant.   Newman v. Farquhar, 60 Texas, 640; Railway v. Medaris, 64 Texas, 92.

RAINEY, ASSOCIATE JUSTICE.—*Conclusions of Fact.*—In the year 1891, on four different occasions, appellant's servants, while operating trains, negligently permitted sparks to escape from the locomotives of appellant's trains, setting fire to and burning the grass on and injuring

the turf or sod of appellee's pasture land, amounting in the aggregate to about 320· acres, by which appellee was damaged in the sum of $1050.

*Conclusions of Law.*—The appellant complains of the action of the court in permitting appellee to prove, over objections, the value of the grass burned, and the difference in the value of the land before and after the fire, and in allowing appellee's counsel in his closing speech to argue to the jury that the value of the grass burned should be added to the difference in the value of the land before and after the burning.

Plaintiff in his petition claims damages for the grass and fence burned, and also for the injury done to the turf or sod.

Appellant contends, that in such a case the true measure of damages is the difference in the value of the land immediately before and that immediately after the burning, which would include all the elements of damage, whether for value of the grass burned or injury to the turf; and a special charge covering this view of the law was requested by appellant and refused by the court.   On this proposition the court charged the jury as follows:

"If under the evidence and under this charge you believe that plaintiff is entitled to recover, then you will allow such a sum as will fairly compensate him for the damage, if any, sustained by him, and the measure of damages would be the reasonable and fair market value of the grass for hay or pasturage purposes at the time and place it was burned, if you find it was burned through the negligence of the Missouri, Kansas & Texas Railroad; and if you should believe from the evidence that defendant is liable to plaintiff for burning his grass, under the foregoing instructions, and if you should believe from the evidence that the turf or sod was injured by the burning of said grass, you should find for plaintiff the amount of injury, if any, sustained by him by reason thereof, and in estimating this damage you should be governed by the difference of the market value of the land immediately before and immediately after the injury, if any, done to such turf or sod; but in estimating the above two elements of damage you will, if you find for the plaintiff, be careful not to allow him double damages for the burning of the grass, and if you allow him for damage to the sod or turf, then in arriving at the damage under the last head under the rule above announced, you will not include the value of the grass."

We are of the opinion that the law is contrary to the contention of appellant.   The case of Railway v. Wallace, 74 Texas, 581, was a case where the plaintiff sued for damages for grass and fence burned, and for injury to the turf or sod.   The jury in that case by their verdict apportioned the damages—so much for grass burned, so much for fence destroyed, and so much for injury to the turf.   Chief Justice Stayton, in delivering the opinion of the court, says:

"The court in instructing the jury that, in estimating the damages to which plaintiff might be entitled, they would look to the market value of the grass destroyed at the time and place where it was, and that they might consider the market value for pasturage or hay purposes." The court in this same case instructed the jury: "If you think that defendant is liable to the plaintiff for the burning of her grass under the foregoing instructions, and should you also believe that the turf or sod of said grass was injured by the burning of said grass, you should find for the plaintiff, in this, the amount of damage or injury done by the injury of said sod or turf; and in estimating this damage you should be governed by the difference of the value of plaintiff's land immediately before and immediately after the injury, if any, done to such turf or sod."

These charges were separately discussed, and approved as the law of the case. Grass growing on land has a value for pasturage and for use as hay, which is separate and distinct from the value of the land. Removing the grass from the land does not affect the value of the land when the turf or sod is not injured. If, however, the turf or sod is damaged, the capacity of the land to produce grass is lessened, and therefore its value for pasturage or for raising hay would be lessened. We therefore think the measure of damages in such a case as this is the value of the grass and fence destroyed, and in addition thereto the injury done to the land by destroying the turf or sod—which is the difference between the value of land immediately before and that immediately after the fire, exclusive of the value of the grass. Railway v. Hogsett, 67 Texas, 685.

The testimony of the witnesses we think was restricted to this measure in the introduction of the evidence, and was especially so restricted by the charge of the court. We are therefore of the opinion that the rulings of the court here complained of were correct, and no injustice done to appellant thereby.

Appellant also complains of the action of the court in refusing to give the jury the following instruction: "If the testimony shows that defendant suffered dead grass and combustible material to accumulate upon its right of way through plaintiff's land, and you should believe that defendant was herein negligent, yet you should not for that reason find for plaintiff, unless the testimony also shows that the fire which burned plaintiff's land had originated on and was communicated to plaintiff's land from defendant's right of way."

The court's instructions on this proposition were not as clear as they should have been, but appellant is in no position to complain. The proof being sufficient to show that the fire originated from sparks emitted from appellant's locomotive, the negligence will be presumed, and the burden of rebutting that presumption is upon appellant by showing, "that at the time in question the engine was properly con-

structed with the best approved appliances for preventing the escape of fire, and that the appliances were all in good repair and condition as regards the escape of fire, or that all reasonable care and caution had been taken to keep them in such repair and condition, and that the engine was carefully and skillfully handled as regards the escape of fire therefrom." The appellant failed to make this proof. The only evidence on this point was that of one Bullock, who stated that he was in the employment of appellant as inspector of smoke-stacks and ash-pans in their round-house at Denison. That all the engines on appellant's road were equipped with approved appliances for preventing the escape of fire while in operation. That a rigid inspection was kept up at the round-house, a record kept of repairs, and no engine allowed to go on the road unless all repairs needed were made. The record he made covering the period of the burnings could not be found, and was not produced. He inspected during the day and another party during the night. He could not say that all of the engines during the time spoken of were always found to be in good condition on their return from a trip, but only that they were never sent out in bad condition. No testimony was further offered to show the condition of the engines, or how they were managed or operated at the time of the burning.

The testimony is wholly insufficient to rebut the presumption of negligence on the part of appellant, and the refusal to give the requested charge is immaterial, as the failure of appellant to rebut the prima facie case made by plaintiff entitled him to a verdict. Railway v. Horne, 69 Texas, 646.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered April 25, 1894.