### Texas & Pacific Railway Company v. J. C. Prude et al.

#### Decided April 19, 1905.

**1.—Trial—Counsel Asking Improper Question.**

Where counsel asked an improper question of a second witness after the same question had already been excluded by the court, and the court, upon request, instructed the jury not to consider the question, and the record did not indicate that the question influenced the verdict, the action of the court in permitting the question to be asked was not reversible error.

**2.—Setting Fires from Engine—Burning Grass—Charge.**

In an action for damages resulting from the burning of grass by fire set from an engine, a charge following the language of other approved charges in such cases is held not to be on the weight of evidence.

**3.—Same—Measure of Damages.**

The measure of damages for the destruction of grass is its reasonable market value at the time of its destruction, and if it had no market value, then its value in view of the use to which it was to be put would be the test.

**4.—Same—Harmless Error in Charge.**

Where the evidence showed a market value, error in the charge in also submitting the other test of value was harmless where the verdict showed that the jury found in terms for the market value as shown by the evidence.

Appeal from the District Court of Mitchell. Tried below before Hon. Jas. L. Sheppard.

*T. J. Freeman* and *J. M. Wagstaff,* for appellant.

*W. B. Crockett* and *Cowan & Burney,* for appellees.

FLY, Associate Justice.—J. C. Prude and M. Zellner each instituted a suit against appellant to recover damages for the destruction of grass and injury to land. The evidence being the same in both cases, they were consolidated by agreement. The jury returned a verdict in favor of Prude for $1,751.42, and in favor of Zellner for $1,157.86, and from a judgment for those amounts this appeal has been perfected.

The evidence satisfactorily showed that the grass of appellees was destroyed by fire that was emitted from a locomotive belonging to appellant, and that appellees were damaged thereby in the sums found by the jury. There was evidence from which the jury might draw the reasonable inference that the engine was old and defective, and that the fire originated on that account. These conclusions of fact dispose of the first assignment of error, which attacks the sufficiency of the evidence to support the verdict.

The second assignment claims error in the action of the court in permitting counsel for appellees to propound a certain question to two witnesses. The bill of exceptions shows that the question was asked of two witnesses, and in each instance objections to it were sustained by the court, and the jury, on request of appellant, was instructed that the question should not be considered. The question was as to what a witness had testified on a former trial of the cause, such witness not having testified on the trial from the result of which this appeal was taken. The question was improper, and it was reprehensible in counsel to repeat it after it had been once excluded by the court, but there is nothing in the record to indicate that it influenced the verdict of the jury.

The court charged the jury as follows: "If you believe from the evidence in this case that sparks and cinders (of fire) escaped from the defendant's locomotive engine and set fire to plaintiffs' grass, and that said fire communicated with plaintiffs' mesquite timber, turf and sod on plaintiffs' land, and destroyed said grass, and injured said mesquite timber, turf and sod, then such facts constitute a prima facie case of negligence on the part of defendant, and, in the absence of rebutting evidence sufficient to overcome said prima facie case, will render the defendant liable for the injury (if any) occasioned thereby.

"If you believe from the evidence that sparks of fire escaped from defendant's locomotive engine and set the fire that caused plaintiffs' grass and timber to be destroyed, and their turf and sod injured, but should believe from the evidence that the defendant did use ordinary care in providing its locomotive engine, from which the sparks may have escaped, with the best improved spark arresters in general use, and that the agents and employes of defendant in charge of said locomotive engine used ordinary care in operating and handling said engine to prevent sparks of fire from escaping therefrom, then you are instructed that the prima facie case made out by proof of sparks and fire resulting therefrom (if made out) is rebutted, and, if you so believe, you will find for the defendant.

"But if you believe from the evidence that the defendant failed to use ordinary care to provide its locomotive engine, from which the sparks may have escaped that caused the fire (if it was so caused), with the best approved spark arresters in general use, or that the agents and employes of defendant engaged in operating and handling said locomotive engine failed to use ordinary care to prevent the escape of sparks, then you are instructed that the prima facie case made out, if made out, by proof of sparks escaping and causing the fire, has not been rebutted, and if you so find you will find for the plaintiffs."

The charges are attacked on the ground that they are upon the weight of the evidence. Similar charges have often been approved by the Appellate Courts of Texas. (Railway v. Johnson, 92 Texas, 591; Railway v. Chittim, Texas Civ. App., 71 S. W. Rep., 294.)

The court instructed the jury that the measure of damages, under the facts of this case, was the market value of the grass, if it had any, at the time of its destruction, and if it had no market value, then the reasonable value of the grass at the time and place of its destruction would be the measure of damages. The charge was correct. In the Railway-

Chittim case above cited this court said: "The measure of damages for the destruction of grass is its reasonable market value at the time of its destruction. (Railway v. Wallace, 74 Texas, 58, 12 S. W. Rep., 227; Broussard v. Railway, 80 Texas, 329, 16 S. W. Rep., 30; Railway v. Goode, 7 Texas Civ. App., 245, 26 S. W. Rep., 441.) If the grass had no market value, its value in view of the use to which it was to be put would be the test, and liberality would necessarily be shown in making proof of the value, and the opinion of men qualified by experience to speak of such matters would be admissible. (Railroad Co. v. Rheiner, Texas Civ. App., 25 S. W. Rep., 971.)"

It is contended by appellant that the market value of the grass was shown by the evidence, and that it was error to submit any measure of damages except the market value. That may be true, but, if so, it was an abstract error that could not have injured appellant, because the jury found in terms for the market value of the grass as shown by the proof. The jury was not misled by the other measure of damages given them in charge.

The measure of damages in this case, the turf being injured, was the difference in value of the land immediately before and immediately after the fire, not taking into consideration the value of the grass and the market value of the grass, if ascertainable, and if not, its value for hay or other purposes. (Railway v. Chittim, above cited.) That measure of damages was given in charge to the jury by the trial judge.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.