## COSDEN OIL CO. v. SIDES et al.

### No. 802.

Court of Civil Appeals of Texas. Eastland.

Feb. 6, 1931.

·Ike A. Wynn, of Fort Worth, and Brooks & Woodward, of Big Spring, for appellant.

Clyde E. Thomas and Martelle McDonald, both of Big Spring, for appellees.

FUNDERBURK, J.

Cosden Oil Company was defendant below, and this appeal is from a judgment against it in favor of Lillie Opal Sides and her husband for damages in the sum of $1,112.50 for injury to a certain 52-acre tract of land and growing grass thereon, alleged to have resulted from "oils, oil waste and oil products" being permitted to flow upon same. The case was tried with a jury, to whom was submitted special issues, of which one, with the answer thereto, was as follows:

"If you answer Special Issue No. 2 in the affirmative, or 'yes,' then answer in dollars and cents the following special issue:

"Special Issue No. 3: What would fairly compensate plaintiff, if paid now, in cash, for such damage, if any? Answer: $1,112.50."

We are first called upon to determine if the evidence was sufficient to support the finding of the jury in answer to said special issue No. 3. This question involves a consideration of the nature and amount of damages, if any, recoverable under the pleadings. Upon one theory plaintiff sought recovery of damages, measured by the market value of 15 acres of land out of a 52-acre tract. The 15 acres were alleged to have been of the market value of $100 per acre, and which market value was totally destroyed, amounting to $1,500. Upon an alternative theory there was sought to be recovered as damages the value of grass or hay for the year 1929, and for each year thereafter, including ten years, amounting to $150 a year, or an aggregate of $1,500. Under both theories facts were alleged sufficient to show a permanent injury to the land. The damages recoverable, if any, for that character of injury, was the amount of depreciation in the value of the land proximately resulting from the injuries. Under the second named theory the value of grass or hay was recoverable only for the year 1929. Damages measured by the value of crops of grass or hay for the future years were not only not recoverable because of being too remote as a matter of law, but were precluded by affirmative allegations of plaintiffs'

pleading, to wit: "The injuries and damages complained of above have all accrued to this date and plaintiffs are in this petition suing for and asking for only such damages as have actually been caused by defendant to this date." Assuming plaintiffs' pleadings to have been sufficient to authorize recovery of some amount of damages, and that the two theories of recovery stated as alternative were not in fact inconsistent to the extent ·of one being exclusive of the other, the only damages that could be recovered under the pleadings were: (1) For permanent injury to the land, measured by the difference in the value of the land just before and just after the injuries complained of, excluding the value of the grass; (2) for the destruction of grass or hay, measured by the value of same. "Where an injury to pasture or meadowland results in the destruction of the grass or hay thereon, considered as a crop, the measure of damages is the value of such crop at the time and place of destruction. Where the injury also results in an injury to the land itself, as by destruction of the turf or grass roots, plaintiff is entitled to a further recovery which, by some authorities is measured by the diminution of the value of the land, or, which is probably equivalent, such amount as will compensate for the injury done to the turf and roots, taking into consideration the purposes to which the owner was appropriating or desired to appropriate the land, or to which it was adapted." 17 C. J. 893.

Among many Texas cases supporting the text, and particularly the proposition that the measure of damages for a permanent injury to the land is the difference in the value before and after the injuries, there may be mentioned the following: Ft. W. & N. O. Ry. Co. v. Wallace, 74 Tex. 581, 12 S. W. 227; Fort Worth & D. C. Ry. Co. v. Hogsett, 67 Tex. 685, 4 S. W. 365; Trinity, etc., Co. v. Gregory (Tex. Civ. App.) 142 S. W. 657; Tex., etc., Ry. Co. v. Prude, 39 Tex. Civ. App. 144, 86 S. W. 1046; Mo., etc., Ry. Co. v. Malone, 59 Tex. Civ. App. 254, 126 S. W. 936; I. & G. N. Ry. Co. v. McIver (Tex. Civ. App.) 40 S. W. 438; Gulf, etc., Co. v. Hendricks (Tex. Civ. App.) 25 S. W. 433; M., K. & T. Ry. Co. v. Goode, 7 Tex. Civ. App. 245, 26 S. W. 441.

Under the principles declared in these authorities, we are not prepared to say that the evidence was wholly insufficient to sustain a finding of damages for the value of the grass or hay destroyed. Under the pleadings, however, the maximum amount that could have been allowed for that item of damage was in all events limited to the sum of $150. The remainder of the damages found by the jury must be sustained, if at all, by evidence from which the jury could determine the amount, if any, of depreciation in the value of the land, exclusive of the value of the growing grass. If the land had, as alleged, a

market value, that would be controlling. No witness testified to the market value of the land either before or after the alleged injury. No witness testified that the land had no market value. Situated as it was, but a few miles from a city shown by one witness to have a population of 12,000 or 13,000, we cannot presume that it had no market value. Testimony with reference to intrinsic value, in the absence of evidence that there was no market value of the land, was incompetent. Being incompetent, it is not to be considered in determining the sufficiency of the evidence. Henry v. Phillips, 105 Tex. 466, 151 S. W. 533. There was no other evidence of facts sufficient to justify the jury in finding any particular amount as the amount of decrease in the value of the land. We are therefore of opinion that the evidence was insufficient to support the verdict.

■ It was objected to special issue No. 3, calling for a finding of the amount of damages, that the court's charge furnished no guide to the jury upon which they might determine the proper measure of damages. It will be observed that the issue itself did not submit the elements of damages claimed. Sufficient has already been said to show that this was a case wherein it was peculiarly imperative that the court give the jury appropriate explanations to enable them to properly measure the damages. The failure to do so was reversible error. Glasscock v. Shell, 57 Tex. 215; G., H. & S. A. Ry. Co. v. Le Gierse, 51 Tex. 189; Texas Nursery Co. v. Knight (Tex. Civ. App.) 292 S. W. 589; K. C., M. & O. Ry. Co. v. Worsham (Tex. Civ. App.) 149 S. W. 755; Quanah A. & P. Ry. Co. v. Galloway (Tex. Civ. App.) 154 S. W. 653; H. & T. C. Ry. Co. v. Buchanan, 38 Tex. Civ. App. 165, 84 S. W. 1073; Beeman St. Clair Co. v. Caradine (Tex. Civ. App.) 34 S. W. 980; Hazlewood v. Pennybacker (Tex. Civ. App.) 50 S. W. 199.

A difference of opinion on the part of appellant and appellees regarding the nature of the suit is disclosed in the briefs. In view of another trial, it may be well to indicate our views on this question, although the matter is not directly presented for determination. Appellant construes the plaintiffs' pleading as alleging a cause of action based upon negligence. Appellees in their statement of the nature and result of the suit assert the contrary, and say: "Appellees' petition (plaintiffs in the trial court) does not predicate their cause of action upon 'negligence' of the appellant and nowhere in appellees' petition can be found any clause, sentence or paragraph setting up the cause of action based upon negligence."

■ Plaintiffs' petition alleged no facts to show that the injuries complained of resulted necessarily from the operation of the refin-

ery business, but, to the contrary, did allege that "* * * it was not in any manner necessary to the proper operation of the refinery," etc. The case, therefore, is wholly unlike that, for instance, of M., K. & T. Ry. Co. v. Williams (Tex. Civ. App.) 5 S.W.(2d) 575, 577, wherein similar injuries resulted as "the necessary consequence of the operation of the extensive terminal yards" on which certain railroad operations were carried on. In that case it was said: "The test may be followed in the present facts, because the use of the premises and the operation of the yards in the manner complained of appear to be necessary for the company to do, and to continue to do," etc. Where the things necessary to be done in the operation of a lawful business cause injury to others, the right to compensation where allowed is not dependent upon the existence of negligence.

■ The true rule governing the distinction in cases where a recovery is allowed regardless of any question of negligence, and those where the right of recovery is dependent upon the existence of negligence, is well stated in Corpus Juris, vol. 46, p. 664, as follows: "A distinction has been made between acts lawful in themselves done by one upon his own premises which may result in injury to another if not properly done or guarded, and those which in the nature of things must so result; in the former case, a person could only be made liable for actual negligence in the performance of the act or mode of maintaining it, while in the latter he would be liable for all consequences of his acts, whether guilty of negligence or not. The one can only become a nuisance by reason of the negligent manner in which it is performed or maintained, while the other is a nuisance per se."

■ We are of opinion that no right of recovery was shown independently of the existence of negligence. The leading case on the question in this state is that of G., C. & S. F. Ry. Co. v. Oakes, 94 Tex. 155, 58 S. W. 999, 1000, 52 L. R. A. 293, 86 Am. St. Rep. 835. In that case the Supreme Court quotes with approval the rule stated in Bishop on Non-Cont. Law, § 829, as follows: "One may not, either voluntarily or negligently, cast earth or other substance from his own ground on a neighbor's; or upon his own bring or erect anything, or change the natural position of anything, from which the air, the moving water, or any other force of nature will bear to another on other land what is distinctly injurious to him; or, by any excavation, structure, or other change of his premises from their natural condition, render them unsafe to other persons and their property lawfully thereon; while yet these restraints will not be drawn so closely as substantially to deprive him of the use of his lands, or the ordinary pursuit of his own interests, or to ren-

der him answerable for inevitable accidents injuring others."

In G., H. & S. A. Ry. Co. v. Currie, 100 Tex. 136, 96 S. W. 1073, 1077, 10 L. R. A. (N. S.) 367, the Supreme Court interpreted its own holding in the Oakes Case in the following language: "In the absence of some law forbidding or regulating the keeping or use of the thing, the fundamental question is one of negligence vel non, depending, as in other cases of negligence, upon the inquiry whether or not there has been a neglect or violation of the duty which the law imposes upon all persons to use due care in the use of their property or the conduct of their business to avoid injury to others. Some of the older cases in England seem to assert the absolute liability of an insurer, *but it is settled in this state that the question is one of negligence.* (G. C. & S. F. Ry. Co. v. Oakes, 94 Tex. 155, 58 S. W. 999, 52 L. R. A. 293, 86 Am. St. Rep. 835.)" (Italics ours.)

In Mo. Pac. Ry. Co. v. Platzer et al., 73 Tex. 117, 11 S. W. 160, 161, 3 L. R. A. 639, 15 Am. St. Rep. 771, the court says: "Every person has the right to kindle a fire on his own land, for any lawful purpose, and, if he uses reasonable care to prevent its spreading and doing injury to the property of others, no just cause of complaint can arise, yet, although 'the time may be suitable and the manner prudent, if he is guilty of negligence in taking care of it, and it spreads and injures the property of another in consequence of such negligence, he is liable in damages for the injury done. *The gist of the action is negligence.* * * *'" (Italics ours.)

In H. & T. C. Ry. Co. v. Anderson, 44 Tex. Civ. App. 394, 98 S. W. 440, the wreck of a train transporting oil cars caused oil to flow down a ravine and injure the property of the plaintiff. The railroad, having shown that it was guilty of no negligence causing the wreck, was acquitted of liability for injury to the plaintiff's land, save and except for negligence in permitting some of the oil to run upon the land after the wreck was cleared up which due care would have prevented. The Supreme Court in M., K. & T. Ry. Co. v. Carter, 95 Tex. 483, 68 S. W. 159, and the Court of Civil Appeals in H. & T. C. Ry. Co. v. Laforge, 84 S. W. 1072, held that the duty of the railroad company to equip locomotives with approved appliances for preventing fires was not an absolute duty of an insurer, but the measure of duty was to use reasonable or ordinary care to do so.

The distinctions dealt with in the foregoing quotation from Corpus Juris may not have been recognized and properly applied in all cases. Whether this be true of Texas Company v. Earles (Tex. Civ. App.) 164 S. W. 28; T. & P. Ry. Co. v. O'Mahoney, 24 Tex. Civ. App. 631, 60 S. W. 902; Texas Company v. Giddings (Tex. Civ. App.) 148 S. W. 1142; and Teel v. Rio Bravo Oil Co., 47 Tex. Civ. App. 153, 104 S. W. 420, it is unnecessary for us here to express our opinion. We believe that plaintiffs' petition in this case affirmatively showed no right of recovery, in the absence of the existence of negligence, and we further believe that said petition was sufficient to state a cause of action for negligence to the extent at least as hereinbefore considered. Upon another trial, if the facts as to negligence be in dispute, suitable issues as to same should be formulated and submitted to the jury.

For the reasons discussed, the judgment of the trial court should be reversed and the cause remanded, and it is accordingly so ordered.