MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. JOHN NEISER.

Decided March 17, 1909.

**1.—Evidence—Cross-Examination.**

No error appeared in refusing to require a categorical answer of "yes" or "no" to a question on cross-examination which was substantially answered otherwise, and which was upon immaterial matter.

**2.—Evidence—Leading Question.**

Where a witness had evidently answered under a misapprehension of the meaning of the question, a further question directed to the ascertaining of what the witness in fact meant, was not inadmissible because leading.

**3.—Evidence—Opinion—Value.**

No error appeared in asking a witness, who had shown himself qualified to give an opinion, as to the market value of hay per ton, over the objection that it had not been shown that there was a market value therefor at such time and place.

**4.—Evidence—Opinion—Intrinsic Value.**

No error appeared in permitting a witness to testify as to the intrinsic value of pasture grass, though it was not shown to have had a market value.

**5.—Evidence—Admissibility.**

Objections going only to the weight of testimony can not be urged against its admissibility.

**6.—Evidence—Injury by Fire—Damages.**

Injury to grass and timber land by fire is properly shown by establishing the market value of the land immediately before the fire and that immediately after, the proper measure of damages being the difference.

**7.—Evidence—Exclusion—Bill of Exceptions.**

In order to show error in the exclusion of evidence the bill of exceptions should disclose what the answers of the witnesses would have been if admitted.

**8.—Evidence—Condition of Engine.**

No error appeared in the exclusion of evidence as to the condition of the appliances for preventing the escape of fire from a locomotive engine in the absence of proof identifying it as the one probably setting out the fire.

**9.—Railway Fires—Contributory Negligence—Charge.**

Evidence considered and held insufficient to require a charge submitting the issue of contributory negligence on the part of plaintiff in failing to assist in the extinguishment of a fire communicated to his premises from the locomotive engine of a railway.

**10.—Railway Fires—Definition of Negligence.**

Charge considered and held to properly define the terms "ordinary care" and "negligence" with reference to precautions by a railway for preventing the escape of fire.

**11.—Same.**

Charge considered and held not to be upon the weight of evidence nor to place too great a burden upon defendant in defining the care required of a railway company with respect to the equipment of its engines for preventing the escape of fire.

**12.—Railway Fires—Negligence—Condition of Right of Way.**

Evidence considered and held sufficient to support a submission of the issue of negligence by a railway in permitting combustible material to accumulate on its right of way.

**13.—Railway Fires—Negligence—Charge.**

Instruction as to the liability of a railway for damages from negligently permitting the escape of fire considered and held not to be upon the weight of evidence.

**14.—Assignment of Errors.**

An assignment complaining of the refusal of several special charges not germane to each other, does not present a distinct proposition of law requiring consideration.

Appeal from the County Court of Williamson County.   Tried below before Hon. T. J. Lawhon.

*Spell & Nickels,* for appellant.—[Assignment of error No. 10 treated as a proposition.]—The court erred in the second and third paragraphs of his charge to the jury wherein he attempted to define the terms "ordinary care" and "negligence," because said definitions as therein contained are erroneous, and, being such, redounded in this case to the great injury of the defendant, which paragraphs read as follows: (2). "By the term ordinary care, as used herein, is meant that degree of care which a person of ordinary prudence would and should exercise under the same or similar circumstances." (3). "By the term negligence, as used herein, is meant the doing of something which a person of ordinary prudence would and should not do under the same or similar circumstances, or the omitting to do something which a person of ordinary prudence would and should do under the same or similar circumstances." Railway Co. v. Daniels, 20 S. W., 955; Railway Co. v. Duncan, 10 Texas Civ. App., 479; Railway Co. v. Curlin, 36 S. W., 1003, 13 Texas Civ. App., 505; Receivers v. Pfluger, 25 S. W., 792; Irvin v. Railway Co., 42 S. W., 661.

*Wilcox & Graves,* for appellee.

RICE, ASSOCIATE JUSTICE.—On the 7th day of June, 1906, appel-

lee owned a tract of land through which appellant's railway ran, ninety acres of which was situated just north of and adjoining appellant's right of way, sixty-eight acres of which was in pasture and timber, and twenty-two acres thereof was used as a meadow, and upon which said entire tract there was growing a luxuriant, well-matured and valuable crop of native grass, which grass was being used as pasture and for the purpose of making hay; and said sixty-eight acres was partially covered with a growth of native timber, from which plaintiff obtained wood for his own use and for market. On said day, immediately after the passage of one of appellant's trains, a fire occurred, burning over a part of said tract of land, destroying the grass growing thereon, killing some and injuring many of the trees thereon, and likewise injured the turf. This suit was instituted by appellee to recover damages therefor, predicating negligence on the part of the defendant in permitting grass and other inflammable material to grow and collect upon its right of way, as well as in maintaining and operating its engines without proper appliances to prevent the escape of sparks and coals of fire; that by reason of such negligence, sparks and coals of fire escaped from its said engine on the day named, setting fire to said combustible material upon its right of way, which was communicated to the grass upon plaintiff's land, thereby occasioning the injury complained of.

Appellant answered by general demurrer, general denial and a plea of contributory negligence, to the effect that if the plaintiff suffered injury, the same was proximately caused by reason of the exposure of his property to danger of destruction by fire escaping from defendant's passing locomotives.

There was a verdict and judgment for plaintiff in the sum of $300, from which this appeal is prosecuted.

On direct examination Martinka, a witness for plaintiff, had testified that the market value of the land just before the fire was $50 per acre, and just after it was worth half that amount. On cross-examination, as shown by its bill, appellant asked this witness "If the fire reduced the value of the land and grass and trees to one-half, would not two such fires entirely destroy its value?" The court sustained plaintiff's objection to said question, of which appellant complains, claiming in his bill that if said witness had been allowed to testify, his answer would have been "yes" or "no," either of which would have had a tendency to impeach him. We do not think any error was shown in this ruling of the court, because it appears from the record that on cross-examination, when first asked this particular question, this witness replied that he did not understand the question. Upon its being repeated he answered that the land had the same value as it had before, but the timber and grass were damaged. Besides this, it was immaterial what might be the effect of another fire on the same land, as this was not an issue involved in this case. We therefore overrule this assignment.

We overrule appellant's second assignment, because we do not think the question therein complained of was leading. It is apparent from the record that the witness had answered under a misapprehension of the meaning of the question; and, certainly, there was no error in

allowing counsel for plaintiff to ascertain what the witness in fact meant by the answer given.

We overrule the third assignment of error, because we do not think there was any error in permitting the witness to answer the question objected to, since his testimony showed that he had experience in putting up hay, knew how much the land in question would likely produce, the cost of baling the same, as well as what the hay would be worth after it was baled.

We overrule the fourth assignment of error, wherein it is insisted that the court erred in permitting the plaintiff to testify that the pasturage land had a real value and was worth about $1.50 per acre. The objection thereto was predicated upon the idea that the witness had not qualified to testify in this regard. The record discloses that the witness testified that he had never sold any pasture grass by the acre, did not know of any selling that way, and had never tried to sell it, but knew that it was worth something. Another witness upon the same subject had testified that grass used for pasturage purposes had no market value in that community, but that it had a real value, to wit: $1.50 per acre. It was alleged in the petition that the pasturage had both a market and real value, which were the same. Hence, we overrule this objection. (See International & G. N. Ry. Co. v. Searight, 8 Texas Civ. App., 593.)

We do not think there is any merit in the fifth assignment of error and overrule the same. The objection therein to testimony could not be urged against its admissibility, but would go simply to its weight in this respect.

We overrule the sixth assignment of error complaining of the action of the court in permitting the witness Zurowitz to testify as to the reasonable market value of the land immediately before and immediately after the fire, because we understand the law to be that the plaintiff would have the right to show its market value in this way, and that the measure of damages in this respect is the difference between its value just before and just after the fire; and the witness, in this connection, testified to facts showing that he lived in the immediate vicinity of the land, and that he was familiar with and knew the injury resulting from the fire, and that he knew the market value of land in that community, which authorized him to speak relative thereto. (See Houston & T. C. Ry. Co. v. Knapp, 51 Texas, 592; Ft. Worth & N. O. Ry. Co. v. v. Wallace, 74 Texas, 583; Ft. Worth & D. C. Ry. Co. v. Hogsett, 67 Texas, 687.)

We do not think the court erred, as urged by appellant in its 7th assignment, in refusing to allow the witnesses Coffee, Miller and Page upon plaintiff's objection to testify what, in their opinion, was the fair reasonable cash value at the time of the fire of the damages, if any, that the burning off of the land occasioned to plaintiff, because the bill fails to show any injury resulting to plaintiff therefrom, for the reason that it fails to show what said witnesses or either of them would have testified to in this respect; and before error can be predicated upon the ruling in reference thereto it must be made to appear from the recitation of the bill what the testimony of said witnesses would have been in answer to the question asked; and it must appear

therefrom that said witnesses would have testified to matters beneficial to appellant. This assignment is therefore overruled.

By its eighth assignment of error appellant complains that the court erred in excluding certain interrogatories to and answers of the witness Black, as well as the answers of the witness Muller relative to the inspection of engine No. 215, and the result of said inspection with reference to the spark arrester thereon and other parts thereof. The objection to said testimony on the part of the plaintiff being that no evidence had been offered identifying the engine as the one causing the injury, nor had it been shown that said engine 215 had run on the road from Austin to Granger by Neiser's place on the day of the fire. We think this was a valid objection to the admissibility of said testimony, because, unless said engine had been identified as the one setting out the fire or that it likely did, the evidence offered was immaterial.

The court did not err in refusing to charge the jury on the issue of contributory negligence upon the part of plaintiff. While this issue was raised by the pleadings, there was no evidence whatever to justify its submission. It was shown that there was an ineffectual effort on the part of the railway company's employes to stop the progress of the fire. While plaintiff knew of the fire, still it is shown that his son aided the employes to put it out, and it appears that a strong wind was blowing from the south and the fire had gained such headway that any effort to put it out would have been fruitless; that some of the trees left burning might have been extinguished if they had had water, but none was near. We therefore overrule this assignment.

We do not think the objections made to the charge wherein it defines the terms ordinary care and negligence are well taken. The charge seems to be in accord with the decisions upon the subject.

By appellant's eleventh assignment of error it is insisted that the court erred in the fourth paragraph of its charge to the jury, because the same is upon the weight of evidence, and placed a greater burden upon the defendant than was required of it by law. The paragraph complained of is as follows:

"A railway company in running its trains over its road is required to exercise ordinary care to equip its engine or locomotive drawing such train with the most approved appliances in general use to prevent the escape of sparks and fire therefrom, and to exercise ordinary care to keep such appliances in good repair to prevent such escape of sparks and fire, and to exercise ordinary care to keep the land included within its right of way sufficiently free of combustible and inflammable material as to prevent same catching fire from sparks or fire emitted from passing engines, and communicating such fire to adjacent property, and a railway company is liable for damages from fires, directly and approximately caused by its negligent failure to exercise such ordinary care in the keeping of its said right of way, or to exercise such ordinary care in the equipment and maintenance of its said engines, as above instructed. But a railway company has complied with the requirements of the law when it has exercised such ordinary care in the equipment and maintenance of its engine, alleged to have

set out said fire, and has exercised such ordinary care in the so keeping of its said land enclosed in its said right of way, and when a railway company has exercised such care in the above named respects and particulars it is not liable for any damages from fire set out by its said engines."

By his counter-proposition appellee insists, first, that a railway company must use ordinary care to equip its engines with the most approved appliances in general use to prevent the escape of fire. We think the charge in this respect is an admirably clear and correct presentation of the law and is supported by decisions of our courts. See Highland v. Houston & T. C. R. R. Co., 65 S. W., 649; Missouri, K. & T. Ry. Co. v. Goode, 26 S. W., 441; Gulf, C. & S. F. Ry. Co. v. Johnson, 92 Texas, 591.

By his second counter-proposition appellee asserts that it is negligence for a railway company to allow weeds, grass and combustible material to accumulate on the land enclosed in its right of way. It is shown from the testimony that the land which was burned over lies immediately north of and adjoining the right of way and the rock quarry belonging to defendant. There is evidence going to show that the fire originated in some grass growing on what is termed the rock quarry, but at a point within twenty feet of the railroad track; and we must conclude from the evidence that the point of its origin, therefore, was on the right of way. The quarry was fenced in with the right of way, contained only a few acres, and, so far as the evidence goes to show, may have been at this point a part of the right of way. We think the charge in this respect was proper. (Railway Co. v. Hogsett, supra; St. Louis S. W. Ry. Co. v. Connalley, 93 S. W., 207.)

As the twelfth and thirteenth assignments of error virtually raise the same question as involved in the eleventh, it will be unnecessary to consider the same.

By its fourteenth assignment of error appellant complains that the following charge is upon the weight of evidence, and places a greater burden upon defendant than was required by law: "If you find from the evidence, under the above instructions, that plaintiff's said grass or any part thereof was burned, and if you further find from the evidence that the turf and land upon which said grass was growing was injured thereby, as alleged by plaintiff; and if you further find, under the above instructions, that plaintiff's said timber on his said land, or any part thereof, was burned, killed and injured by said fire, as alleged by him, and if you further find that the land upon which said killed or injured timber, if any, was growing was injured thereby, then you will find for plaintiff as to these items of injury, if any, and assess his damages, if any, that may have been directly and proximately accrued to said land by reason of the injuries, if any, to said turf and said timber, at the difference, if any, in the reasonable value of said land immediately before and immediately after said fire, not taking into consideration, however, in arriving at this item of damage, if any, any value of the grass, if any, that you may find was burned on said land."

As we understand it, this charge is not open to the objection urged against it, and the assignment is therefore overruled.

Appellant's fifteenth assignment complains of the refusal to give special charges Nos. 3 to 10 inclusive, an examination of which shows that these charges are not germane to each other, but present distinct and several propositions of law; wherefore, we are not required to consider them, because only matters germane can be so grouped.

The remaining assignment questions the sufficiency of the evidence to support the verdict, which we overrule, because in our judgment this assignment is not sustained.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

*Affirmed.*