### MORTON SALT CO. v. LYBRAND.*
### (No. 9744.)

(Court of Civil Appeals of Texas. Dallas. Feb. 24, 1927. Rehearing Denied March 19, 1927.)

1. **Damages** ⬦110—**Injury to land by overflow of salt water held "permanent," and measure of damages difference in value before and after injury.**

Where defendant negligently permitted a salt water reservoir to break and water flowed over plaintiff's land, injury *held* permanent in character, and measure of damages difference between the reasonable value of the land immediately before and immediately after the injury.

2. **Trial** ⬦352(4)—**To justify submission of special issue, it must be raised by both pleadings and evidence (Rev. St. 1925, art. 2189).**

In order to justify the submission of a special issue to the jury, it must be raised both by pleadings and evidence, under Rev. St. 1925, art. 2189, and, if raised by pleadings and not by evidence, or vice versa, it should not be submitted.

3. **Trial** ⬦362—**Where unauthorized issue was erroneously submitted to jury, court was correct in ignoring jury's answer and basing judgment on findings on issues properly submitted.**

In an action to recover for injury to land, where the evidence raised no issue as to whether the injury was permanent or temporary, but this issue was erroneously submitted to the jury, *held* within the court's power to correct the error by ignoring the jury's answer and basing its judgment on findings rendered in response to issues properly submitted.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Suit by F. P. Lybrand against the Morton Salt Company. Judgment for plaintiff, and defendant appeals. Affirmed.

S. W. Marshall, of Dallas, and J. S. Terry, of Terrell, for appellant.

Wynne & Wynne, of Wills Point, for appellee.

LOONEY, J. F. P. Lybrand sued Morton Salt Company for damages, alleging, in substance, that the defendant negligently permitted a large reservoir containing salt water to break, liberating the salt water, which flowed over and settled upon 150 acres of land belonging to plaintiff, destroying its fertility and the vegetation and trees growing thereon and greatly depreciating its value.

Defendant pleaded a general denial.

In response to special issues submitted, the jury found that the defendant had negligently permitted its reservoir to break and overflow plaintiff's land with the salt water, damaging the same to the extent of $900.

These findings were justified by the evidence and are adopted as our conclusions on the issues involved.

The court also submitted an issue that required the jury to find whether the injury to plaintiff's land was temporary or permanent. The jury answered that the injury was temporary.

On motion of plaintiff, the court rendered judgment for $900, the amount the jury found the land was damaged.

Appellant, under proper assignments, urges that the court erred in ignoring the finding of the jury to the effect that the damage to plaintiff's land was temporary, and in submitting the case on the theory that the measure of plaintiff's damages was the difference in its reasonable market value immediately before and immediately after the injury.

This proposition presents the only material question for our consideration.

[1] Our courts have uniformly held, in cases where it is shown that, by overflow, fire, or other agency, the roots or sod of native or other perennial grasses, fruit or other trees, grape or berry vines, or the productivity of the soil are impaired or destroyed, that the injury is permanent in nature, for which the owner is entitled to recover, as damages, the difference in the market value of the land before and after the injury. This doctrine is well illustrated in the decision of the Supreme Court in F. W. & N. O. R. Co. v. Wallace, 74 Tex. 581 (584) 12 S. W. 227. In that case plaintiff sued for damages for injury caused by the burning of grass and turf roots. The trial court instructed the jury that, in estimating the damages, they should be governed by the difference in the value of

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction May 25, 1927.

the land immediately before and immediately after the injury.

This instruction was assigned as error. The Supreme Court, in approving the measure of damages applied, among other things, said:

"The turf or sod was a part of the land, and an injury to it was an injury to the land which could be as well measured by the difference in the value of the land before the burn and afterwards, as by an inquiry as to the sum which would compensate the plaintiff for any injury to the turf or sod.

"The measure is the same, whether expressed in the one way or the other. Such an injury is one in its nature permanent, though it may not be perpetual, and differs from an injury to a growing crop which does not result in any injury to the land as distinguished from the crop."

To the same effect, see F. W. & D. C. R. Co. v. Hogsett, 67 Tex. 685, 4 S. W. 365; Owens v. M. P. R. Co., 67 Tex. 679, 4 S. W. 593; M. K. & T. R. Co. of Tex. v. Malone, 59 Tex. Civ. App. 254, 126 S. W. 936 (939, 940) and authorities cited; M. K. & T. R. Co. of Texas v. Neiser, 54 Tex. Civ. App. 460; 118 S. W. 166; St. L. S. W. R. Co. v. Anderson (Tex. Civ. App.) 173 S. W. 908.

The undisputed facts bring the case at bar clearly within the rule announced in the cases just cited. There was no conflict in the evidence as to the nature of the injury to plaintiff's land, although the evidence conflicted as to its extent, and on this point the testimony of the witnesses ranged from a showing of no appreciable injury to almost a complete destruction of the fertility of the soil and all vegetation and trees growing thereon. The injury, as found by the jury, is, in our opinion, as said by Judge Stayton in F. W. & N. O. R. Co. v. Wallace, supra, "one in its nature permanent, though it may not be perpetual."

[2] The statute in regard to the submission of special issues authorizes a submission only when "raised by the pleadings and the evidence," in other words, to justify its submission, the issue must be raised by both pleadings and evidence; if raised by the pleadings and not by the evidence, or vice versa, it should not be submitted. However, if erroneously submitted, the jury's answer should be ignored by the court, for (article 2211 [1994–5–7] Rev. St. 1925) the judgment must conform to the pleadings, the nature of the case proved (the evidence), and the verdict of the jury, which necessarily comprehends a verdict based on an authorized submission, under article 2189.

The judgment rendered below finds ample support in the pleadings, the evidence, and answers of the jury to issues properly submitted.

[3] The evidence raised no issue as to the character of injury to plaintiff's land, but indisputably showed that such as it sustained was permanent in nature; hence the issue as to whether it was temporary or permanent was unauthorized. This being the case, the court, in our opinion, was well within its discretionary power in correcting the error by ignoring the answer of the jury to the unauthorized issue, and in basing its judgment on the findings of the jury rendered in response to issues properly submitted. Johnson v. Breckenridge, etc. (Tex. Com. App.) 257 S. W. 223 (228); Hazleton v. Holt (Tex. Civ. App.) 285 S. W. 1115 (1117).

Cases of the nature of the one at bar are clearly distinguishable from and should not be confused with nuisance cases, where the terms "temporary" or "permanent," as applied to the injury, is a correct characterization; for instance, where it appears that the nuisance may be voluntarily removed by the wrongdoer or abated at the suit of the injured party, the resulting injury is held to be temporary, as distinguished from an injury to the inheritance, and only such damages as have accrued up to the trial of the action can be recovered. In such a case, the rule for measuring damages resulting from a permanent injury would be out of place.

This distinction is apparent from an examination of the following cases: Baugh v. T. & N. O. R. Co., 80 Tex. 56, 15 S. W. 587; Rosenthal v. Taylor, 79 Tex. 325, 15 S. W. 268; City of Austin v. Bush (Tex. Civ. App.) 260 S. W. 300; Ehlert v. G. H. & S. A. R. Co. (Tex. Civ. App.) 274 S. W. 172 (174).

We therefore overrule this contention of appellant, and, in view of our conclusion that the findings of the jury hereinbefore mentioned were sustained by the evidence, all assignments are overruled and the judgment of the court below is affirmed.

Affirmed.