## MARYLAND CASUALTY CO. v. LOPEZ.

### No. 13534.

Court of Civil Appeals of Texas. Fort Worth.

March 19, 1937.

Rehearing Denied April 23, 1937.

R. H. Mercer, of San Antonio, for appellant.

·G. Woodson Morris, of San Antonio, for appellee.

DUNKLIN, Chief Justice.

On February 27, 1928, while working for J. P. Haynes, a contractor, Domingo Lopez sustained an injury to his side as the result of a fall, occasioned by the giving away of some loose boards on which he stepped. On the day following, the employer reported the accident to the Maryland Casualty Company, of Baltimore, Md., with whom he carried compensation insurance under the Workmen's Compensation Act (Rev.St.1925, art. 8306 et seq.).

On March 1, 1928, the employer also made a report of the injury to the Industrial Accident Board as required by the statutes in such cases made and provided.

On account of his injury, Lopez lost eleven days time from his work, after which he returned thereto. After receipt of a report of his injury from Dr. Scull, who had treated him, the company paid to him the sum of $8.75 as compensation for time lost.

It does not appear that Lopez ever prosecuted that claim before the Industrial Accident Board or that the board took any action thereon.

On June 11, 1932, some four years and three months after the date of his injury,

Lopez filed with the Industrial Accident Board notice of the same injury, together with a claim for compensation therefor under the Workmen's Compensation Act (Rev.St.1925, art. 8306 et seq., as amended [Vernon's Ann.Civ.St. art. 8306 et seq.]), describing the injury as "contusion of the left side and fracture of the eleventh rib, causing purulent pleurisy." On the same day he gave a like notice to his employer.

On January 10, 1933, the Industrial Accident Board, after due notice to all the parties, heard his claim and made the following order:

"That Maryland Casualty Company confessed liability and made payments of compensation to Domingo Lopez in the total sum of $8.75, in consideration of which Domingo Lopez made, executed and delivered a certain receipt to the Maryland Casualty Company; that Domingo Lopez has failed to establish by proof that his present condition made the predicate of claim for additional compensation is the result of injury suffered February 27th, 1928. Therefore, said claim for additional compensation is denied and Maryland Casualty Company finally discharged from all liability on account of this claim for additional compensation."

On January 13, 1933, Lopez filed with the Industrial Accident Board a notice that he was unwilling to abide by that decision and that he would institute suit in a court of competent jurisdiction to set it aside.

Thereafter the suit was filed in the district court of Bexar county, the county in which the accident occurred. The case was tried and judgment was rendered in favor of the plaintiff against the Maryland Casualty Company of Baltimore, Md., for the sum of $7,975.63 as a lump-sum settlement for permanent disability. The defendant has appealed.

Following are allegations made in plaintiff's petition:

"Plaintiff would further show that on or about the 1st day of March, 1928, a report of his injuries was given to the Industrial Accident Board at Austin, Texas; that following his said injuries plaintiff was physically unable to go to work for 11 days, and that a few days after he did return to work, he was paid the sum of about $8.50, which at that time he thought was in the nature of part pay for his time lost; that he would further show that no claim for compensation was filed with said Board within 6 months from the date of said injuries, for the following reasons, towit: That between the time of his said injuries and on or about the 1st day of March, 1932, the plaintiff did not know, or contemplate that on February 28th, 1928, he had in fact sustained such injuries, as to finally result and bring about his present total permanent bodily incapacity, as aforesaid; that on or about the 17th day of February, 1932, plaintiff was operated upon, which operation necessitated the taking out of one of his ribs, and whereupon on or about the 1st day of March, 1932, his doctor informed him and he found out for the first time that his said serious physical condition was a result of and caused by said injuries received by him on February 27th, 1928, and that he thereupon on or about the 10th of June, 1932, gave notice of injury and filed his claim for compensation with said Board; that his present physical condition was caused by said injuries sustained by him on said date; that the said Industrial Accident Board for 'good cause' and meritorious reasons permitted the filing of his said claim, after said time limit, and considered same upon its merits; that on or about the 10th day of January, A. D. 1933, said cause was heard upon its merits before the Industrial Accident Board at Austin, Texas, and that said board on said date rendered an award and decision in the matter of the claim of plaintiff herein; and that the amount claimed by plaintiff and in controversy between plaintiff and defendant herein, and to which he is entitled for said injuries under said act is in excess of One Thousand ($1,000.00) Dollars, and that, by reason thereof, this court has jurisdiction of this cause."

In addition to a general denial, the defendant pleaded the statutes of limitation of two and four years.

Both by general demurrer and special exceptions, the contention was made that plaintiff did not show good cause for failure to file his claim with the Industrial Accident Board within the six months following his injuries, or within the time intervening between the expiration of that period and June 11, 1932, for the lack of which neither the board or the trial court had jurisdiction to hear the case. The lack of the existence of good cause was also alleged in defendant's answer.

It was further alleged that the present condition of plaintiff was due to causes

other than the injury he sustained on February 27, 1928. Judgment was rendered upon a verdict by the jury which included findings in answer to special issues, that Lopez sustained an injury to his left side and left ribs on February 27, 1928, in the usual course of his employment, on account of which he is totally incapacitated for work, and that such incapacity is not temporary but permanent; and further that his disability was not due to causes independent of his injury sustained on February, 27, 1928; followed by other findings of loss of wages and conditions entitling him to a lump-sum settlement in the amount for which the judgment was rendered.

Following are issues submitted with the findings of the jury thereon:

"Question No. 8: Do you find from a preponderance of the evidence that the plaintiff's physician Dr. Gonzales advised him a few days after his operation in February of 1932, that his then condition was due to injuries received on account of the accident of February 27, 1928?

"Answer: Yes.

"Question No. 9: Do you find from a preponderance of the evidence that at all times from February 27, 1928, to the date Dr. Gonzales informed plaintiff of the cause of his condition, the plaintiff did not know the cause of the same?

"Answer: Yes.

"Question No. 10: Do you find from a preponderance of the evidence that the plaintiff exercised that degree of care a person of ordinary prudence would have used under the same or similar circumstances in not filing his claim with the Industrial Accident Board prior to June 10, 1932?

"Answer: Yes."

It will be noted that the plaintiff's pleadings did not allege any facts to show good cause for his delay in filing his claim with the Industrial Accident Board within the period of time intervening between March 1, 1932, when his doctor informed him of his present physical condition, and June 11, 1932, when his claim for permanent injuries was filed with the board.

■ It is now a well-settled rule of decisions that where an employee fails to file his claim for compensation within the six-month period following his injuries, he must allege and prove good cause for failure to file within that time, and that such good cause continued up to the time his claim is actually filed with the Industrial Accident Board. It is further held that an allegation of such good cause is necessary to confer jurisdiction upon the court in which the appeal is prosecuted from the decision of the Industrial Accident Board. Ocean Accident & Guarantee Corporation v. Pruitt (Tex.Com.App.) 58 S.W.(2d) 41; Holloway v. Texas Indemnity Ins. Co. (Tex.Com.App.) 40 S.W.(2d) 75; Durham v. Texas Indemnity Ins. Co. (Tex.Civ. App.) 60 S.W.(2d) 255, writ dismissed; Employers' Liability Assurance Corporation v. Francis (Tex.Civ.App.) 300 S.W. 137; Petroleum Casualty Co. v. Fulton (Tex.Civ.App.) 63 S.W.(2d) 1068; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084.

■ The court overruled defendant's special exception to the plaintiff's petition for lack of such allegation; and also defendant's exception to the submission of issues Nos. 8, 9, and 10, on the same grounds and on the further ground that they did not limit the findings of the jury thereon to the facts pleaded by plaintiff as good cause for his failure to sooner file his claim with the Industrial Accident Board for compensation now sued for, in accordance with the rule of decisions announced in Texas Employers Ins. Ass'n v. Johnson (Tex.Civ.App.) 89 S.W.(2d) 1112, and cases there cited, including New Amsterdam Cas. Co. v. Scott (Tex.Civ. App.) 54 S.W.(2d) 175. Those rulings were erroneous. Plaintiff introduced testimony to the effect that during the period of time intervening between the date of the advice given by his physician and June 11, 1932, he was physically and mentally unable to file his claim with the board. But in the absence of an allegation of good cause for failure to file the claim within that period, that testimony was unavailing to support the finding on issue No. 10; and it is reasonably probable that the jury considered it in reaching their finding in answer to that issue, to defendant's prejudice.

■ Whether or not plaintiff's physical condition, discovered by Dr. Gonzales, his physician, during the month of February, 1932, and for which compensation is now sought, was the result of the injury he sustained on February 27, 1928, was a sharply disputed issue. Testimony of Dr. Scull, who treated him for that injury immediately following its occurrence, in connection with the length of time which

elapsed between that date and the date of the treatment by Dr. Gonzales, and plaintiff's testimony that throughout that period he was able to work, strongly tended to support a negative finding on that issue.

Especially by reason of such conflict in the evidence, defendant addressed a further objection to issues Nos. 8 and 9, on the ground that they were on the weight of the evidence in that they assumed that the advice given by Dr. Gonzales was that plaintiff's then condition was due to the injury he had sustained on February 27, 1928, and that the advice so given was correct. In overruling those exceptions, the court erred. Dr. Gonzales had never before treated the plaintiff and his statements to plaintiff at the time of treatment, also his testimony on the trial with respect to plaintiff's injury on February 27, 1928, and its probable connection with his condition when treated, were opinions based chiefly upon hearsay statements of plaintiff concerning that injury. He did not and could not testify that the injury plaintiff sustained on February 27, 1928, was the cause of the condition he found him when he operated on him in February, 1932. It is to be noted further that the findings of the jury in answer to issues Nos. 8 and 9 were made the basis of their further finding on issue No. 10.

In Texas Employers' Ins. Ass'n v. Fulkes (Tex.Civ.App.) 75 S.W.(2d) 320, 321. (writ refused), the court approved this definition:

"By the term good cause as here used, is meant that the claimant has used in the prosecution of his claim that degree of diligence which a man of ordinary prudence, situated as he was, would have used under the same or similar circumstances."

Other decisions to the same effect include Consolidated Underwriters v. Seale (Tex.Civ.App.) 237 S.W. 642 (writ dismissed); Texas Indemnity Ins. Co. v. Cook (Tex.Civ.App.) 87 S.W.(2d) 830. Issue No. 10 embodied substantially the same test of reasonable diligence required of plaintiff in the matter of filing his claim with the accident board and included the necessary elements of "good cause," which was sufficient. Appellant has not challenged the correctness of the definition given.

Whether the submission of the issue of partial disability resulting from plaintiff's injury on February 27, 1928, was submitted as definitely and affirmatively as de-

fendant had the right to require, will not be determined, since such a complaint will likely be avoided on another trial.

For the errors pointed out, the judgment of the trial court is reversed and the cause remanded.