C. See, also, Mireles v. State, 80 Tex.Cr. R. 648, 192 S.W. 241; Hernendez v. State, 32 Tex.Cr.R. 271, 22 S.W. 972.

Appellant claims to have found the knife in question and asserted that he was carrying it home when arrested. He complained that the charge given by the court in regard to his rights in the premises was too restrictive. In the event of another trial we call attention to Brent v. State, 57 Tex. Cr.R. 411, 123 S.W. 593; Waterhouse v. State, 62 Tex.Cr.R. 551, 138 S.W. 386; Granger v. State, 50 Tex.Cr.R. 488, 98 S.W. 836.

The evidence failing to sustain the averments in the information and complaint as to the weapon appellant was charged with carrying, the judgment is reversed and the cause remanded.

## CONSOLIDATED UNDERWRITERS v. VARGAS.

### No. 10704.

Court of Civil Appeals of Texas. Galveston.

Jan. 27, 1938.

Rehearing Denied Feb. 24, 1938.

Battaile, Burr & Holliday, of Houston, for appellant.

Mandell & Combs, of Houston (W. A. Combs, of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal, in a cause arising under the Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., is from a lump-sum judgment for $2,949.62 in favor of the appellee, and against the appellant, entered by the Eightieth district court of Harris county solely upon a jury's verdict in response to special issues submitted to it—the court itself making no additional findings from the evidence—the stated aggregate having been computed as the value at that date of 400 weeks of compensation at the rate of $7.99 per week, found by the jury to have become due the appellee as the result of a personal injury sustained by him on or about the 23d of January of 1935 while in the course of his employment for the Texas Creosoting

Company, a corporation, and a subscriber under such statute, for which the appellant herein was the compensation insurer.

The court further decreed that a prior award on the same claim, entered by the Industrial Accident Board on the 3d day of January of 1936, be vacated, annulled, and held for naught.

The record and the briefs presented here are unduly long, entailing much unnecessary labor upon this tribunal, and it would serve no needful purpose to detail the attenuated extent of the likewise-long proceedings below.

The undisputed evidence showed that the appellee failed to file any claim for compensation with respect to such claimed injury and its consequences, as of January 23 of 1935, with the Industrial Accident Board, until October 22 of 1936, more than six months after his so declared-upon injury, and the first, if not indeed the main, controversy upon the appeal rages around the question of whether or not he both alleged and proved such "good cause," within the meaning of section 4a of R.S. art. 8307 for that omission, as entitled him to prosecute his claim for compensation anyway.

██ In apparent anticipation of that development, and recognizing in such event he was required to show that he had "used in the prosecution of his claim that degree of diligence which a man of ordinary prudence, situated as he was, would have used under the same or similar circumstances" (Maryland Casualty Co. v. Lopez, Tex.Civ. App., 104 S.W.2d 526, at page 529, par. (4), and cited authorities), the appellee here alternatively pleaded: " * * * plaintiff alleges that he has a meritorious case, and has good cause for not giving notice and filing his claim in due time, and that he exercised ordinary care in the giving of such notice and filing such claim and was not negligent in respect thereto, in that plaintiff was told and advised by said Texas Creosoting Company, its agents, servants, and employees, that said company was not a subscriber to the Workmen's Compensation Law of Texas, did not carry insurance and Workmen's Compensation Insurance, had made no provision for furnishing medical attention and treatment to its employees, and that plaintiff would have to provide for himself, all as hereinabove alleged; which statements and representations plaintiff alleges he has since learned were false and untrue and were made for the purpose of defrauding him and inducing him not to file a claim under the Workmen's Compensation Law; but plaintiff alleges that at the time said representations were made he believed and relied upon the same, and but for such reliance and belief he would have filed claim under the Workmen's Compensation Law immediately and within the six months period provided by law; and in this connection plaintiff further alleges that he was unable to file said claim within the six months period provided by law in that from the date of receiving said injury he was rendered thereby sick and ill in body and mind and was unable to think clearly because of the pain and suffering he was undergoing and was unable to consult with an attorney or to seek legal advice because of his physical inability so to do, all of which condition existed continuously from the date of receiving said injuries up until the time when said claim was actually filed with the Industrial Accident Board of the State of Texas, so that by virtue of all of the foregoing facts and circumstances plaintiff alleges that he was not negligent to the filing of said claim at the time when the same was so filed, but that he exercised ordinary care in the giving of notice and filing of claim."

Pursuant to answering pleadings of the appellant and full evidence for both sides, the issue thus raised was submitted as constituting an ultimate one of fact to the jury; the questions, together with the accompanying answers returned, being these:

"Special Issue No. 16: Do you find from a preponderance of the evidence that F. P. Mayfield informed plaintiff that Texas Creosoting Company could not furnish him medical treatment and that he would have to procure the same for himself?" To which the jury answered: "We do."

"If you have answered Special Issue No. 16, 'We do,' and only in that event, then answer Special Issue No. 16–A: Do you find from a preponderance of the evidence that such representation, if any was made, was believed by Juan Vargas to mean that the Texas Creosote Company did not carry Workmen's Compensation Insurance?" To which the jury answered: "We do."

"If you have answered Special Issue No. 16–A, 'We do,' and only in that event, then answer Special Issue No. 16–B: Do you find from a preponderance of the evidence that a person of ordinary prudence, under the same or similar circumstances as was Juan Vargas, would have believed that such rep-

resentation meant that the Texas Creosote Company did not carry Workmen's Compensation Insurance?" To which the jury answered: "We do."

"If you have answered Special Issue Nos. 16 and 16–A, 'We do,' and only in that event, then answer Special Issue No. 16–C: Do you find from a preponderance of the evidence that plaintiff believed such representations, if any, until October 19, 1935, when he went to see an attorney?" To which the jury answered: "We do."

"If you have answered Special Issue No. 16–C, 'We do,' and only in that event, then answer Special Issue No. 16–D: Do you find from a preponderance of the evidence that a person of ordinary prudence under the same or similar circumstances as was plaintiff, would have believed such representation until October 19, 1935, when he went to see an attorney?" To which the jury answered "We do not."

"If you have answered Special Issue No. 16, 'We do,' and only in that event, then answer Special Issue No. 16–F: Do you find from a preponderance of the evidence that a person of ordinary prudence, under the same or similar circumstances as was plaintiff, would have relied upon such representations, if any were made?" To which the jury answered: "We do not."

"If you have answered Special Issue No. 16, 'We do,' and only in that event, then answer Special Issue No. 16–G: Do you find from a preponderance of the evidence that such representations, if any were made, constituted good cause for plaintiff's failure to file his claim for compensation before the Industrial Accident Board prior to October 22, 1935?" To which the jury answered: "We do."

"Special Issue No. 17: Do you find from a preponderance of the evidence that Joe Richardson informed plaintiff that Texas Creosoting Company carried no Workmen's Compensation Insurance?" To which the jury answered: "We do not."

To say nothing of appellant's many complaints in other respects against the inquiries so eliciting them, neither party has challenged any of these jury findings as being without evidence to support it.

■ Wherefore, even if the question of "good cause," as involved in this instance, should be regarded as one of fact rather than of law, it seems inescapable (construing all the applicable findings together) that the jury found for the appellant upon it— that is, it found on unattacked evidence that the appellee acted as no person of ordinary prudence would have done in the same or similar circumstances in believing and relying upon Mayfield's representation to him until October 19 of 1935. That being true, since it had been so pleaded and tendered by the appellee upon his own terms, its determination against him seems to this court to have left him without any support for his cause, in consequence of which the learned trial court should have granted the motion appellant made there for a judgment in its favor on the verdict rendered; that action not having been taken, it becomes this court's duty to reverse the judgment in appellee's favor, and here render the cause for the appellant.

■ The conclusion stated is not undermined by the jury's quoted answer to special issue No. 16–G, to the effect that Mayfield's representations constituted "good cause" for the appellee's failure to file his claim before the Accident Board prior to October 22 of 1935, for the reason that what constituted "good cause" was plainly a question of law for the court rather than for the jury, and since that question was both beyond the jury's province to determine and incorrectly submitted without its legal meaning having in any way been defined by the court, as required by R.S. art. 2189, the answer thereto should have been disregarded below; since it was not, this court may now properly disregard it. Texas Employers Ins. Association v. Johnson, Tex.Civ. App., 89 S.W.2d 1112, writ of error dismissed; 41 Tex.Jur. p. 1235, § 368; Morton Salt Co. v. Lybrand, Tex.Civ.App., 292 S.W. 264.

Further discussion being deemed unnecessary, the appealed-from judgment will be reversed and the cause will be here rendered in appellant's favor.

Reversed and rendered.

PLEASANTS, C. J., absent.